**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
Alexander G. Cabeceiras, Esq.
alexc@dereksmtihlaw.com

**United States Bankruptcy Court
Southern District of New York**
_____

| | |
|---|---|
| **In re:** | |
| **Nosson Sklar** | |
| a/k/a Nathan R. Sklar | **Chapter 7** |
| a/k/a Nosson R. Sklar | **Case No.: 19-11740 (MG)** |
| **Debtor** | |

_____

| | |
|---|---|
| **Dulce Garcia** | |
| Plaintiff, | Adv. Pro No. 20-01318-mg |
| v. | |
| | **AMENDED COMPLAINT PURSUANT** |
| **Nosson Sklar, a/k/a Nathan R. Sklar,** | **TO 523(a)(3)** |
| **a/k/a Nosson R. Sklar,** | |
| **Defendant.** | |

_____

Plaintiff Dulce Garcia ("Plaintiff"), as and for her complaint against debtor and defendant Nosson Sklar a/k/a Nathan R. Sklar a/k/a Nosson R. Sklar (the "Debtor"), alleges as follows:

### NATURE OF THE ACTION

1. By the instant adversary proceeding, Plaintiff objects to discharge of Debtor, pursuant to section 11 United States Code § 523(a)(3) (the "Bankruptcy Code"), and all other applicable statutes to prevent the discharge.

## JURISDICTION AND VENUE

2. On May 29, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (I), and (O), over which this Court may enter final judgments and orders.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## ALLEGATIONS COMMON TO EACH COUNT

5. In or around November of 2017, Plaintiff brought an action in Federal Court against Defendant (*See Garcia v. The Comprehensive Center, LLC, et al.,* 1:17-cv-08970 (JPO)(BCM) ("Underlying Action").

6. The Underlying Action included claims for intentional torts.

7. On August 16, 2018, The Honorable Judge J. Paul Oetken found Defendant jointly and severally liable for his disturbing acts, including the intentional tort of assault and battery.

8. Within his ruling, Judge Oetken referred the case to The Honorable Judge Moses for an inquest hearing regarding Creditor's damages.

9. On November 21, 2019, The Honorable Judge Moses made the following recommendation regarding damages to be assessed against Defendant: "I respectfully recommend that the District Judge award plaintiff Garcia a total of $284,785.01, comprising $200,106.01 in compensatory damages for economic losses ($25,106.01) and emotional distress ($175,000), $75,000 in punitive damages, $6,150 in attorneys' fees, and $3,529 in costs, all to be assessed jointly and severally against defendants The

Comprehensive Center, LLC; New York's Comprehensive Home Care Services, LLC; Comprehensive Evaluation Services, PT, OT, SLP, LMSW, Psychology, PLLC; Grand Street Medicine & Rehabilitation, P.C.; Comprehensive Staffing Solutions, LLC; and Nathan Sklar."

10. To support this recommendation, Judge Moses further ruled that "Sklar's conduct, as described in the Complaint, under Title VII and the NYCHRL." ("[T]he standard for determining damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with ***willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard***.'" *Chauca v. Abraham*, 885 F.3d 122, 124 (2d Cir. 2018) [emphasis added]).

11. Judge Moses further awarded punitive and compensatory damages because of Defendant Sklar's willful, intentional, and malicious behavior.

12. On March 24, 2020, The Honorable Judge J. Paul Oetken adopted Judge Moses' report and recommendation in full.

13. The appropriate time to appeal Judge Oetken's ruling has lapsed. Thus, Judge Oetken's ruling is a final judgment.

14. At all times relevant to, Debtor was made fully aware of the underlying litigation and his debts to Creditor, by and through being served and duly notified personally, through his counsel of record in this bankruptcy proceeding, and through his co-defendants in the Underlying Action.

15. To date, Defendant has paid Plaintiff nothing to satisfy this judgment.

16. Plaintiff was granted <u>no</u> notice of Defendant's bankruptcy proceedings whatsoever or list Ms. Garcia as a creditor pursuant to Section 521(a)(1).

17. Defendant failed to properly notify Defendant of his underlying bankruptcy proceedings.

## FIRST COUNT
## OBJECTION TO DISCHARGE PURSUANT TO
## 11 United States Code § 523(a)(3)

18. Plaintiff incorporates and references the above facts as if fully listed herein.

19. Bankruptcy Code Section 523(a)(3) requires debtors to list names of creditors pursuant to section 521(a)(1).

20. Debtor failed to list Creditor and otherwise provided Creditor no notice of the bankruptcy proceeding.

21. Plaintiff did not have notice or actual knowledge of this case at the time of filing.

22. Based on the foregoing, pursuant to section 523(a)(3) of the Bankruptcy Code, the Court should deny the Debtor a discharge.

Date: New York, New York
July 13, 2020

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Alexander G. Cabeceiras*
Alexander G. Cabeceiras, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(T): (212) 587-0760
alexc@dereksmithlaw.com